741 A.2d 719

**Michael A. WAREHIME, Respondent,**

v.

**John A. WAREHIME, Petitioner.**

**Cross–Petitioner Michael A. Warehime.**

Supreme Court of Pennsylvania.

Nov. 24, 1999.

William C. Adrian Boyle, York, David F. Girard-diCarlo, Matthew J. Siembieda, Denis J. Lawler, Philadelphia, for petitioner.

## *ORDER*

PER CURIAM:

**AND NOW,** this 24th day of November, 1999, the Petitions for Allowance of Appeal are hereby **GRANTED.** The Cross–Petitions in the above-listed matters are also **GRANTED, LIMITED** to the following issues:

1. Whether the trial court erred in its application of 15 Pa.C.S. §§ 1791–1793 by failing to set aside the corporate action taken on June 25, 1997 as procedurally improper because it was taken with no notice and no quorum and in apparent violation of a ruling the trial court had issued the day before.

2. Whether the directors' decision to transfer effective voting control over the corporation from the existing Class B shareholders to a 401(k) Plan controlled by the directors themselves was consistent with (1) Pennsylvania's Business Corporations law; (2) ERISA; and/or (3) the directors own fiduciary duty as directors.

3. Whether John Warehime, consistent with his fiduciary duty as voting trustee, could vote the trust shares to approve his own compensation package over the known opposition of all the other shareholders (including the beneficiaries of the voting trust).

4. Whether the trial court erred in deciding Michael Warehime's motion for injunctive relief as to John Warehime's actions in voting for the actions in voting for the August 1997 amendments without a hearing or without any response from John Warehime.

5. Whether Pennsylvania's Business Corporations law affords existing management and directors carte blanche to change the rules as they relate to voting in a manner intended to perpetuate the incumbents' own control of the corporation and to prevent the shareholders from exercising their rights to elect new directors.